*In re* PETITION OF METROPOLITAN HOLDING CO.

METROPOLITAN HOLDING CO. *v.* STRAUS.

1. TRUSTS—REMOVAL OF TRUSTEE.
    Allegation in petition for removal of trustee that he is nominal trustee only, and that actual powers and duties of trustee were intended to be exercised by company which has gone into receivership, *held*, not borne out by terms of trust instrument.

2. SAME—DUTIES AND RIGHTS OF PARTIES MATTERS OF CONTRACT.
    Powers, duties, and rights of parties to trust mortgage are matters of contract, and may not be changed by court.

3. SAME—CAUSE FOR REMOVAL OF TRUSTEE—STATUTES.
    Where petition for removal of trustee did not allege incompetency, neglect of duty, violation of trust, or some other cause pointed out by statute, which must be specifically alleged, motion to dismiss with prejudice and with costs should have been granted (3 Comp. Laws 1929, § 12992).

Appeal from Wayne; Richter (Theodore J.), J. Submitted January 12, 1933. (Docket No. 78, Calendar No. 36,898.)   Decided May 16, 1933.

Petition by Metropolitan Holding Company, a Michigan corporation, against James I. D. Straus for his removal as trustee under a trust mortgage. From order of dismissal without prejudice, both parties appeal.   Modified and affirmed.

*Sempliner, Dewey, Stanton & Bushnell (Jason L. Honigman,* of counsel), for plaintiff.

*George E. Brand,* for defendant.

*Anderson, Wilcox, Lacy & Lawson,* for bondholders' protective committee.

McDONALD, C. J.   The Straus Brothers Investment Company agreed to market and underwrite a $300,000 bond issue for the Metropolitan Holding Company, the issue to be secured by mortgage on a building in the course of construction known as the Metropolitan Commerce Block in the city of Detroit. On August 22, 1929, in pursuance of the agreement, a trust mortgage was executed in which James I. D. Straus was designated as trustee. The three parties to the trust indenture were Metropolitan Holding Company, mortgagor; James I. D. Straus, trustee; and the Straus Brothers Investment Company. Their respective rights, powers, and duties were fully and definitely defined. At that time James I. D. Straus was one of the vice-presidents of the Straus Brothers Investment Company, but severed his connections with the company in August, 1930. This company had been long in business and was similarly interested in other bond is-

sues in Michigan for which James I. D. Straus was also acting as trustee. On June 6, 1931, Straus Brothers Investment Company went into equity receivership in the United States district court at Chicago. The receivership created many new problems for all interested parties, the trustee, mortgagor, and the bondholders' committee. Some differences arose with the mortgagor in regard to future sinking fund deposits and the selection of a depository to take the place of the Straus Brothers Investment Company. No satisfactory conclusion was reached, and on August 11, 1931, the mortgagor filed a petition in the Wayne circuit court asking for the removal of the trustee and the appointment of his successor. An order to show cause was issued, and, pending the hearing, the trustee was restrained—

"from taking any action or doing any acts by virtue of his position as trustee. * * * looking toward the enforcement of the terms of said trust mortgage."

In the petition it was alleged:

"That while James I. D. Straus is named as trustee under said trust mortgage, the real tenor and intent of said indenture of trust mortgage is that Straus Brothers Investment Company had all of the actual powers, rights, and duties of trustee under said trust mortgage and that said James I. D. Straus was merely the nominal trustee"

and

"That, by virtue of the going out of business of said Straus Brothers Investment Company, the reason, purpose, and intent of said James I. D. Straus acting as trustee has failed and terminated."

The trustee filed a motion to dismiss the petition and to dissolve the restraining order. The motion

was accompanied by a verified answer. The court refused to dismiss the petition, but dissolved the restraining order. There was a hearing on the merits, at the conclusion of which an order was entered dismissing the petition without prejudice and without costs. From this order the petitioner has appealed and the trustee has cross-appealed because the petition was not dismissed with prejudice and with costs.

The statute applicable to the removal of trustee, 3 Comp. Laws 1929, § 12992, reads:

"Upon the petition or bill of any person interested in the execution of an express trust, and under such regulations as shall be established by the court for that purpose, the court of chancery may remove any trustee who shall have violated or threatened to violate his trust, or who shall be insolvent, or whose insolvency shall be apprehended, or who, for any other cause, shall be deemed an unsuitable person to execute the trust."

Nowhere in the petition for removal is it alleged that the trustee has violated or threatened to violate his trust, no claim that he is insolvent or that he is in any respect an unsuitable person to carry out the purposes of the trust. His ability, integrity, and loyalty to his duties as trustee are unquestioned. The sole reason assigned for his removal is that, by the terms of the trust instrument, he is a nominal trustee only; that the actual powers and duties of the trustee were intended to be exercised by the Straus Brothers Investment Company, and, as the company has gone into receivership, a new trustee must be appointed. The terms of the trust instrument do not bear out such contention, but it is not necessary to a decision that we extend this opinion by enumerating them. The powers, duties, and rights of the parties

to the trust mortgage are matters of contract. The court cannot change them. So, if a successor be appointed, he would have no greater powers than the present trustee. In this case the only ground for removal must be incompetency, neglect of duty, violation of the trust, or some other cause pointed out by the statute. And such cause must be specifically alleged in the petition for removal. As this petition contains no such allegation, the court ought to have granted the motion to dismiss.

The order of dismissal subsequently entered after a hearing on the merits was without prejudice, evidently on the theory that the mortgagor might renew this petition by making the bondholders parties. Unless something develops showing the general unfitness of the trustee to execute the trust, a renewal of the proceedings under the conditions pointed out by the court would be futile and operate as a serious interference with the trustee in carrying out the trust. We think the trustee was entitled to a dismissal with prejudice and costs. With this modification, the decree is affirmed, with costs to the trustee.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.